UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CLAUDE STITH, )
)
       Petitioner )
)
       v. )   No. 3:93cv0675 AS
)
D.R. McBRIDE, Superintendent, )
WCC, )
       Respondent )

## MEMORANDUM AND ORDER

On September 27, 1993, pro se petitioner, Claude Stith, an inmate at the Westville Correctional Center, filed a petition seeking relief under 28 U.S.C. § 2254. The return filed by the respondents on February 28, 1994, demonstrates the necessary compliance with Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982).

The petitioner brings this petition challenging the results of a Conduct Adjustment Board proceeding (CAB) at that institution in which he was involved. Obviously, this record must be examined under the constitutional mandates of Supt., Mass. Corr. Institution at Walpole v. Hill, 472 U.S. 445 (1985), and Wolff v. McDonnell, 418 U.S. 539 (1974). This court is aware of its obligations to examine the same under Hamilton v. O'Leary, 976 F.2d 341 (7th Cir. 1992), Forbes v. Trigg, 976 F.2d 308 (7th Cir. 1992), Miller v. Duckworth, 963 F.2d 102 (7th Cir. 1992), and Harris v. Duckworth, 909 F.2d 1057 (7th Cir. 1990). See also Billops v. Wright, 803 F.Supp. 1439 (N.D.Ind. 1992). The documents pertaining to the particular CAB proceeding is before the court.

The factual record here must be examined specifically under the mandates of Supt.. The judgment as to credibility is with the

17

CAB and not with this court, since this court did not see or hear. That is certainly the teaching of Culbert v. Young, 834 F.2d 624 (7th Cir. 1987), cert. den., 485 U.S. 990 (1988). It also needs to be mentioned that prison disciplinary proceedings are not a part of the criminal prosecution and the full panoply of rights to a defendant in such proceedings do not apply. See Wolff.

A question that requires close attention has to do with an assertion of improperly denied witnesses. This is especially true since Forbes v. Trigg, 976 F.2d 308 (7th Cir. 1992), cert. den., 113 S.Ct. 1362 (1993). It is basic, however, that there must be some request for these witnesses in advance of the actual CAB hearing. See Miller. In this case, the petitioner requested an additional statement from Officer Kletz during the course of the hearing. That request under the teaching of Miller, came too late. When the entire record is examined under the aforesaid constitutional mandates, there is no basis for relief under 28 U.S.C. § 2254. Such is now **DENIED. IT IS SO ORDERED.**

DATED: March 25, 1994

s/ Allen Sharp

CHIEF JUDGE
UNITED STATES DISTRICT COURT

2